IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY HAUN,

        Plaintiff,

     v.

JPMORGAN CHASE BANK, N.A., et al.,

        Defendants.

Case No. 6:17-cv-00052-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Jeffrey Haun, proceeding *pro se*, moves to proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. The court previously dismissed Haun's complaint for failure to state claim. Haun's amended complaint suffers the same defects as the original complaint. Haun's original complaint alleged, in full:

> Plaintiff's Denial of Due Process and constitutional rights per improper mortgage company procedures, both servicing and otherwise, and including, but not limited to, improper noticing for mortgage note and deed activities (i.e., divergent paths for both). This action cites: Fraud, Negligence, and Misrepresentation attributed to Defendants' multiple violations of ignoring proper loan procedures.

1 – OPINION AND ORDER

Compl., 5.

> In my earlier order dismissing Haun's complaint, I noted:
>
> The Court suspects Haun bases his claim on the fact that the note and deed of trust were separated due to assignments common when MERS was listed as the beneficiary on a deed of trust. The Oregon Supreme Court discussed this practice in *Brandrup v. ReconTrust*, 353 Or. 668, 672 (2013) and *Niday v. GMAC Mortg., LLC*, 353 Or. 648, 660 (2013). Haun's sparse allegations at this point fail to state a claim. Haun's complaint also fails to meet the heightened pleading standards required for a fraud claim. Haun fails to lay out any specific factual allegations supporting his claim that the defendants wronged him. Additionally, the Court is unable to determine if Haun's property was ever foreclosed on. If Haun's claim is based on a completed foreclosure, he will have to provide specific factual allegations of some "fundamental flaw in the foreclosure proceedings" to support his claim. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1166 (9th Cir. 2016). Technical defects, such as listing the wrong beneficiary on the notice of sale, are not significant enough to overturn the foreclosure. *Id.* It is unclear whether Haun alleges fundamental flaws or technical defects or if there even was a foreclosure sale at all.
>
> Haun names MERS as a beneficiary. Without more, the fact that MERS was involved in Haun's loan does not support a claim for relief. *Brandrup* did not render invalid every deed of trust listing MERS as "beneficiary." Instead, courts simply treat the lender as the true beneficiary. *Niday*, 353 Or. at 660.
>
> **CONCLUSION**
>
> Haun must support his complaint with specific factual allegations demonstrating how the individual defendants harmed him. Currently, Haun's complaint merely sets out boilerplate language appearing to challenge MERS's involvement in the loan. Additionally, Haun fails to meet the heightened pleading standards for a fraud claim. Haun is granted leave to file an amended complaint at which point the Court will screen the amended complaint as part of the IFP screening process.

April 12, 2017 Order, 2-3; ECF No. 4.

Haun's Amended Complaint fails to contain any specific factual allegations. Haun continues to argue that a splitting of the note and deed into "divergent paths" deprived him of his "Due Process and constitutional rights." I recently rejected another plaintiff's argument based on a theory around the splitting of the note. *See Campbell v. Carrington Mortg. Serv. LLC*, 2017 WL 114082 at *2 (D. Or. Jan. 11, 2017 Opinion). In *Campbell*, I explained:

> Plaintiff bases her claims for Quiet Title on the premise that the Note has been split from the Deed of Trust, and is therefore unenforceable. Compl. ¶ 106. Because under Oregon law a Deed of Trust follows the Note and a deed of trust is assigned by operation of law whenever a note holder transfers its interest in a note to another party, the Plaintiff's premise is incorrect. The Note has not been split from the Deed of Trust. *Brandrup v. Recon Trust Co., N.A.,* 353 Or. 668 (2013). Courts will treat the lender (American Bank) as the true beneficiary. *Niday v. GMAC Morg., LLC*, 353 Or. 648, 660 (2013).

*Id.*

Haun's claim, also based on the splitting of the note and deed, fails. Haun also fails to state a fraud claim with the required specificity under rule 9(b). As Haun brings a fraud claim, he must provide "the who, what, when, where, and how" specifics of the alleged harm. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). In describing when defendants harmed him, Haun merely states, "These event[s] have especially taken place within the past few years, following the crises and debacles stemming from the Mortgage Meltdown disaster circa 2008. Causes[] of action exist from divergent paths that have been taken by both the mortgage note and by the deed of trust." Am. Comp., 4. This sparse and generalized accusation does not approach rule 9(b)'s rigorous standards.

Because it is not clear that leave to amend will be futile, Haun is granted leave to file another amended complaint. Haun is granted 30 days to file an amended complaint curing the deficiencies. Failure to cure the deficiencies could result in dismissing this action with prejudice. IT IS SO ORDERED.

DATED this 31st day of May, 2017.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge